IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAKE MARES,

    Plaintiff,

vs.                                                             Civ. No. 22-00097 RB/JFR

THE GEO GROUP, INC., VINCENT
HORTON, RONALD PETERS, CARL
SWAGGERT, RICKY ARGUELLO
and ROBERT CHAVEZ,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff's Motion to Compel Discovery. Doc. 49. The Defendants responded (Doc. 50), to which Plaintiff replied (Doc. 51), and the Court conducted a hearing on the motion on December 8, 2022. Plaintiff seeks an order compelling Defendants to produce discovery, and seeks appropriate fees. Having considered the arguments of counsel and otherwise being fully advised in the circumstances, the Court finds Plaintiff's motion to compel well-taken and will GRANT it. The Court addresses Plaintiff's request for fees by separate order.

BACKGROUND

The parties first brought this discovery dispute to the Court's attention in September, 2022, at which time the Court held an informal telephonic status conference to discuss the issue with the parties. At that time, the Plaintiff informed the Court that Defendants had not adequately answered his discovery requests, which specifically sought Defendant GEO Group's

1

policies and procedures, its logs and rosters, and information regarding prior lawsuits. The Defendants admitted that they have been delayed in fully responding to Plaintiff's discovery requests given that Defendant Geo Group no longer operates the facility in question, and responsive documents were either left at the facility or sent to storage. *See* Doc. 37. While the Court expressed its view that the material sought appeared discoverable and within the scope of Rule 26(b), the parties expressed to the Court that they were cooperating to work through the discovery challenge.

Unfortunately, Defendants failed to produce the requested documents, and the parties participated in a second telephonic discovery status conference, on November 9, 2022. Doc. 47. At that time, Plaintiff's counsel informed the Court that Plaintiff continues to have problems getting responses to his discovery requests, and that Plaintiff's ability to move forward with taking depositions is impeded. Counsel for Plaintiff acknowledged that counsel for Defendant Geo Group is acting in good faith in attempting to obtain requested discovery. Nonetheless, Plaintiff's counsel indicated that he plans to file a motion to compel. The Court vacated and rescheduled the settlement conference. *Id*. The instant motion followed.

Plaintiff's Motion

Attached to his motion, Plaintiff provides copies of his discovery requests and Defendants' responses. Doc. 49-1. At issue are Plaintiff's Interrogatories 2, 4, 6, 7, 9, 11, 14 and 15, and Requests for Production 2, 4, 5, 7, 9, and 14. Doc. 49 at 4. The information sought pertains to (1) Defendant Geo Group's policies and procedures, (2) Defendant Geo Group's logs and rosters, and (3) information about prior lawsuits and settlements. Regarding the first two categories, Plaintiff claims these documents are typically discovered in cases of this nature without dispute. Plaintiff attaches Defendants' responses to his discovery requests, wherein

2

Defendants state they are searching for responsive documents and will supplement their objections "pending completion of that search." *See e.g. id.* at 3. Regarding the third category, Plaintiff seeks information regarding prior lawsuits and settlements that were filed or reached within three years "preceding the present litigation."[1] Doc. 49 at 4. Plaintiff submitted his first set of discovery requests on June 10, 2022, and after receiving numerous extensions, Defendants submitted responses on August 5 and August 10, 2022. Doc. 49-3 at 1-2.

Defendants' Response

In responding to Plaintiff's motion to compel, Defendants acknowledge "significant delays attendant an ongoing search…", Doc. 50 at 1, and note that the search has been "complicated" because GEO Group no longer operates the Guadalupe County Correctional Facility (GCCF). *Id.* at 2. Defendants assert they have always operated in good faith and have never engaged in dilatory tactics. *Id.* Defendant Geo Group claims that it cannot produce—nor be ordered to produce—something that it does not have. *Id.* Defendant Geo Group persists in objecting to furnishing Plaintiff with details of prior civil lawsuits as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to discovery of admissible evidence. *Id.* at 3. Defendant Geo Group states that Plaintiff can undertake a "straight forward endeavor" to obtain this information on their own. *Id.*

Plaintiff's Reply

Generally, Plaintiff states that Defendants have failed to provide a satisfactory explanation for not responding to his discovery requests. Plaintiff disputes that Defendant Geo

---

[1] Plaintiff 's counsel clarified at hearing that he seeks information regarding lawsuits and settlements in the three year period prior to the filing of the Complaint. That time-frame, therefore, is from February 11, 2019 to February 11, 2022.

3

Group has produced "more than 1000 documents", and counters that Defendants have produced just 39 documents. Doc. 51 at 1-2. Plaintiff asserts that Defendants had a duty to preserve evidence in this case, as Plaintiff filed his tort claim notice in December 2020, or approximately 11 months before Defendant Geo Group ceased operations at GCCF. *Id.* at 2. Plaintiff notes that Defendant Geo Group had never mentioned that Plaintiff could engage in third-party discovery by submitting a Rule 45 subpoena to the New Mexico Department of Corrections, which now operates GCCF. *Id.* at 3. Plaintiff counters that, while Defendant Geo Group submitted its own Rule 45 subpoenas to other third parties, it chose not to submit one to NMDOC. *Id.* at 4. Finally, Plaintiff states that he has narrowed the timeframe on prior lawsuits to lessen the burden on Defendants, and contrary to Defendant Geo Group's claim, much of the information sought by Plaintiff (e.g. details of settlements) is not publicly accessible as suggested by Defendants; Plaintiff claims "it would take a matter of minutes for [Defendants] [….] to provide this information to Plaintiff." *Id.*

## ANALYSIS

The federal rules permit parties to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The factors that bear upon proportionality are: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The scope of discovery under Rule 26 is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("the scope of discovery under the federal rules is broad").

Relevancy is a guiding consideration in discovery and should be " 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *See State Farm Mutual Auto. Ins. Co. v. Fayda*, No. 14-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (Francis IV, M.J.) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A party resisting discovery must establish a lack of relevance by demonstrating that the requested discovery falls beyond Rule 26's scope of relevance; conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). A court must strive to eliminate unnecessary and wasteful discovery and identify a party's actual need for the sought information. "[B]road discovery is not without limits[,] and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez*, 50 F.3d at 1520 (internal quotation marks omitted).

The materials sought by Plaintiff pertain to institutional policies and guidelines, data regarding who was detained and employed during relevant time periods, and prior lawsuits and settlements that named Defendants. Plaintiff alleges in his First Amended Complaint that (1) Defendants Peters, Swaggert, Arguello and Chavez subjected him to excessive force, (2) Defendants Horton and Peters failed to provide adequate medical care, (3) Defendant Swaggert subjected him to inhumane conditions of confinement, and (4) Defendants Geo Group, Peters, Swaggert, Arguello and Chavez battered him. *See generally* Doc. 27 at ¶¶ 15-112. Plaintiff claims that he suffered from severe mental health problems and anxiety that went untreated and were ignored by the Defendants, and that Defendants failed to ensure that Plaintiff was protected from other inmates. Plaintiff claims that he was targeted for sexual harassment by other

Case 1:22-cv-00097-RB-JFR   Document 54   Filed 12/08/22   Page 6 of 9

inmate(s), and that he attempted suicide as a result of the Defendants' inactions.  Plaintiff claims that he was battered by certain Defendants, resulting in a broken foot and additional mental anguish.

The allegations in the First Amended Complaint are unquestionably serious, stemming from Plaintiff's detention in the GCCF and the treatment he received while there.  Plaintiff's discovery requests seek policies and procedures, and personnel information, that pertains to that period of detention.  Plaintiff also seeks information regarding prior lawsuits that have been filed against the Defendants.  Under the broad scope of Rule 26(b), this Court finds these requests reasonably related and relevant to Plaintiff's claims, and proportional to the needs of the case.  Importantly, Rule 26(b) directs the Court to consider the parties' relative access to the information, the parties' resources, the importance of the discovery sought, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed.R.Civ.P. 26(b).  Here, the policies and procedures and logs and rosters are documents presumably created and maintained by Defendant Geo Group,[2] and are not accessible by Plaintiff on his own.  Indeed, at the hearing, Defendants' counsel informed the Court that he was able to obtain copies of policies and procedures and, once these documents are bates-stamped, they will be disclosed to Plaintiff.  Nonetheless, Defendant Geo Group generally states that it no longer operates the GCCF and that the documents that are at issue were either placed in storage or are in the possession of the Department of Corrections.  The Court is unpersuaded that Defendant Geo Group has no ability to obtain and produce the requested materials, especially given that Plaintiff filed his tort claims

---

[2]  Plaintiff argues that Defendant Geo Group operates worldwide and "certainly knows that when they stop operating a prison, policies and procedures may be needed in future litigation and they therefore must preserve them."  Doc. 51 at 3.  The Court notes that Defendant Geo Group appears to have the capacity to implement appropriate safeguards and procedures, as it is a publicly traded corporation that operates globally, with a revenue reportedly of over $2 billion.  *See* https://en.wikipedia.org/wiki/GEO_Group (last visited December 8, 2022).

6

notice 11 months before GFCC changed hands; Defendant was placed on notice that it could be facing a lawsuit and could have, and should have, ensured the maintenance of these important materials.³  *See Zbylski v. Douglas County School District*, 154 F.Supp.3d 1146, 1162 (D.Co. 2015) (in spoliation context, putative litigants had a duty to preserve documents once a party has notice that the evidence is relevant to litigation or when a party knew or should have known that the evidence may be relevant to future litigation); *see also Johns v. Gwinn*, No. 7:18-CV-00150, 2020 WL 7138635, at *7 (W.D. Va. Nov. 30, 2020) (collecting cases for the proposition that "the mere filing of grievances about an issue may trigger the duty to preserve on the part of a correctional facility").  The Court also finds Plaintiff's request for information on prior lawsuits and settlements to be narrowly tailored and proportional to his case, and is unpersuaded that producing these materials is somehow unduly burdensome or not calculated to lead to discoverable material.

Finally, Defendant Geo Group cites various decisions in support of its argument that it should not be compelled to produce information regarding prior lawsuits.  *See* Doc. 50 at 4.  Two of the decisions cited regard what evidence a party may introduce at trial, not what information is discoverable, and as such the Court finds them inapposite.  *See Upky v. Lindsey*, 2015 WL 3862944 (D.N.M. June 3, 2015) (granting motion in limine to prevent evidence at trial of prior claims or lawsuits); *Potvin v. City of Westland Police Department*, 2007 WL 1975045 (E.D. Mich. July 2, 2007) (granting motion in limine to preclude introduction of evidence or prior citizen complaints or prior lawsuits).  Another case relied upon by Defendants denied requested discovery based on a finding that such information lacked relevance and was harassing and

---

³ At hearing on this motion, Plaintiff's counsel noted that the tort claims notice was sent to the Department of Corrections rather than Geo Group.  Nonetheless, Plaintiff surmises that NMDOC would likely have notified Geo Group of the notice, since Geo Group was then operating GCCF.  The Court finds this supposition reasonable.

abusive in nature. *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.,* 1991 WL 183842, *2 (E.D. Pa., Sept. 16, 1991). Regarding the request for information related to other claims previously filed against the defendant insurance company, *Rhone-Poulenc* held that such information was not reasonably calculated to lead to the discovery of admissible evidence and was unduly burdensome and disproportionate to the litigation, *id.* at 4, a conclusion directly contrary to this Court's findings here. The remaining cases cited by Defendants are equally unpersuasive, as they are dated, are not controlling precedent and/or not reported, or concerned discovery requests of information that was found not relevant to the plaintiff's central claims. *See Moses v. State Farm*, 104 F.R.D. 55 (N.D. Ga. 1984); *Lawyers Title Ins. Corp. v. U.S. Fidelity & Guar. Co*, 122 F.R.D. 567 (N.D. Cal., 1988); *Miller v. Doctor's General Hospital*, 76 F.R.D. 136 (W.D. Okla. 1977). In the instant case, information of prior lawsuits is material and relevant, as a history of being sued for similar claims could tend to show a pattern of negligence, deliberate indifference, reckless disregard, or potentially a willful intent to violate constitutional rights of detainees, all matters that directly impact questions of liability and/or damages.

CONCLUSION

IT IS HEREBY ORDERED, for the reasons set forth above, that Plaintiff's Motion to Compel is well taken and will be GRANTED.

Defendants shall produce, within fourteen (14) days of this order, all responsive materials to Plaintiff's discovery requests, to wit: Interrogatories 2, 4, 6, 7, 9, 11, 14 and 15, and Requests for Production 2, 4, 5, 7, 9, and 14. Defendants are directed to produce materials in its possession or that were formerly in its possession when Defendant Geo Group operated GCCF. If Defendant must utilize Rule 45 to secure responsive materials, then its deadline to produce may extend to thirty (30) days from the date of this order.

_____
JOHN F. ROBBENHAAR
U.S. Magistrate Judge

9