## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAKE MARES,

     Plaintiff,

     vs.                          Civ. No. 22-00097 RB/JFR

THE GEO GROUP, INC., VINCENT
HORTON, RONALD PETERS, CARL
SWAGGERT, RICKY ARGUELLO
and ROBERT CHAVEZ,

               Defendants.

### ORDER GRANTING PLAINTIFF'S REQUEST FOR FEES

Before the Court is Plaintiff's request for sanctions and/or costs and fees, as part of his motion to compel discovery.  Doc. 49.  Specifically, Plaintiff seeks an order directing Defendants to pay his reasonable expenses, including attorney's fees related to this discovery dispute.  Doc. 49 at 5; Doc. 51 at 5.  Defendants resist and point out that they have never acted in bad faith, and recognize their continuing duty to provide discovery and supplement where appropriate.  Doc. 50 at 2, 4.  The Court conducted a hearing on this motion on December 8, 2022.

Rule 37 provides in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

1

By separate order filed simultaneously herein, the Court has granted Plaintiff's motion to compel, and Defendants had an opportunity to be heard both in their written response and at the hearing. Therefore, unless one of the three enumerated exceptions apply, the mandatory fee-shifting language of Rule 37 requires the Court to shift fees. As explained below, none of the enumerated exceptions apply here.

The first exception does not apply because Plaintiff engaged in a lengthy meet-and-confer process, as demonstrated by his August 11, 2022 letter. Doc. 49-3.

Second, Defendant Geo Group has not demonstrated that its position was substantially justified. For example, Defendant Geo Group claims that the documents sought are not within its control, but rather within the control of the New Mexico Department of Corrections which now operates the GCCF. However, Defendant has never sought to subpoena the requested documents from NMDOC, despite the fact that counsel acknowledged at hearing that he had served subpoenas on several other third-party entities in its attempt to answer Plaintiff's discovery requests. Defendants are aware of the means available to them to adequately answer Plaintiff's discovery requests, but chose to limit their efforts to do so. Additionally, counsel informed the Court at hearing that Defendant Geo Group's policies and procedures have recently been located and will be disclosed to Plaintiff imminently. The Court is satisfied that the Defendants could adequately respond to Plaintiff's request for this information without undue burden or expense.

Plaintiff also seeks information regarding prior lawsuits and settlements by inmates or detainees in the State of New Mexico over the past three years. Doc. 49-1 at 2 (Interrogatory 2, seeking information where Defendant has been a party to a civil lawsuit in New Mexico, including details regarding circumstances giving rise to the case, resolution or disposition of the

case, date of resolution, the amount of any settlement or judgment, and the present status of the case if it is still pending.)  In response, Defendants essentially tell Plaintiff to get this information on your own, despite the fact that some of the information sought (e.g. settlement value) may not be publicly available.  The Court presumes information regarding prior lawsuits and settlements is maintained and accessible by Defendants; given the relative ease with which Defendant Geo Group could satisfactorily answer this discovery request, the Court fails to see how Defendants are substantially justified in their position.

Furthermore, one of Defendant Geo Group's arguments to justify its non-disclosure (and in opposition to fee-shifting) is that its "search of archives… is ongoing" and its response "will be supplemented."  *See e.g.* Doc. 49-1 at 3.  The length of time that elapsed between Plaintiff's initial requests and his filing of the motion to compel, however, is fatal to this argument.  In other words, Plaintiff's motion to compel did not result from a lack of patience.  As Plaintiff demonstrates, he served discovery in June 2022, agreed to several extensions to respond, and sent his good-faith letter in August 2022.  Thereafter, Plaintiff engaged the Court in informal telephonic conference on two separate occasions, in September and November, 2022.  The Defendants consistently informed the Court that the documents were no longer in their possession but they were still searching for them.  And yet Defendants have never sought the documents from the presumed custodian, NMDOC.  The Court concludes that Defendant Geo Group's delay in answering and producing the requested discovery was not substantially justified.

Third, at the hearing, Defendants argued that an award of fees would be unjust because they always acted in good faith, they diligently answered the Interrogatories and Requests for Production but were hamstrung by the fact that Defendant Geo Group no longer possesses the

documents in question.  But the question of whether fees should be shifted does not turn on whether Defendants acted in good faith.[1]  Instead, the mandatory fee-shifting language of Rule 37 is designed to alter the standard American rule.  *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (laying out the difference between the standard American rule that attorney's fees are not ordinarily awarded to the prevailing party, and Federal Rule of Civil Procedure 37, which does include attorney's fees as a discovery sanction).  Rule 37 is designed to shift the cost of litigating a discovery dispute to the party who loses that dispute.  *Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 209 n.5 (1999).  A finding of bad faith is not necessary, or appropriate, when granting a request for fees under Rule 37.  *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227-28 (10th Cir. 2015).  Here, Defendants lost the discovery dispute and point to no circumstances that would make the fee-shifting the rule contemplates unjust.

**IT IS THEREFORE ORDERED** that Plaintiff has 14 days from the date of this Order to file an affidavit outlining the expenses he incurred in connection with his Motion to Compel. Within 14 days after Plaintiff files his affidavit, Defendants may file any objections they have to the amount of fees Plaintiff requests.  To avoid the expense of additional litigation, the Court encourages the parties to attempt to reach an agreement as to what is a reasonable fee amount.  If the parties reach such an agreement, they should so note in their filings on this matter.

JOHN F. ROBBENHAAR
U.S. Magistrate Judge

---

[1] At hearing, the Court clarified that it viewed the instant request as one seeking fees rather than "sanctions".

4